## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GEORGE DOUGLAS METZ, II,

      Plaintiff,

v.                                     Case No: 8:19-cv-2818-T-30AEP

RON LEVY, et al.,

      Defendants.

_____

## ORDER

      This cause comes before the Court on Defendant Corporal Ron Levy's Motion to Dismiss (Dkt. 8) and Plaintiff's Response in Opposition (Dkt. 9).   Because the complaint is a quintessential shotgun pleading, the Court will grant the motion to dismiss and permit Plaintiff to file an amended complaint.

## BACKGROUND

      Pro se Plaintiff George Douglas Metz, II filed this action alleging violations to his constitutional rights related to being "trespassed" while he attempted to videotape the TSA security checkpoint at the St. Petersburg/Clearwater International Airport.   Although not a model of clarity, the complaint states that on January 30, 2019, Metz was videotaping the TSA security checkpoint.   "Deputy White" (who is not a party) approached and asked Metz why he was filming.   Metz did not respond.   Deputy White summoned Defendant Levy, who asked Metz why he was recording, and Metz replied that TSA policies permitted him to videotape the checkpoint.

Deputy White asked Levy "if they should get Airport Operations to trespass" Metz. Co-defendant Steven Santa-Maria[1] then arrived and, according to Metz, "the deputies conspired to have Metz trespassed."   Metz was trespassed from the airport.   It appears that the sole basis for Metz's claims against Levy is that Levy was involved in trespassing Metz for filming the TSA security checkpoint in violation of his First and Fourteenth Amendment rights.

Now, Levy moves to dismiss the complaint for various reasons, including that the complaint is a shotgun pleading.   The Court agrees and will dismiss on that ground.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations contained in the complaint as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual

---

[1] A review of the docket reveals that Metz did not perfect service on Santa-Maria during the applicable deadline.   Accordingly, the Court will dismiss Santa-Maria from this action.

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

The Eleventh Circuit repeatedly condemns shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Metz's complaint violates this rule. Each count adopts the allegations of the preceding counts.

*Weiland* instructs that another type of shotgun pleading includes complaints that assert multiple claims against multiple defendants without separating those claims into separate counts. *Id.*; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (referring to shotgun pleadings as "garbage" and urging courts to address these defects to prevent issues later in litigation). The complaint violates this rule as well because the claims are alleged against Defendants collectively without specifying any details about each Defendant's role in the alleged wrongdoing. Accordingly, the Court will dismiss the complaint and permit Metz to file an amended complaint that fixes these deficiencies.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Corporal Ron Levy's Motion to Dismiss (Dkt. 9) is granted.

2. The Complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within fourteen (14) days from the date of this Order, failing which the Court will close this case without further notice.

3. Defendant Steven Santa-Maria is dismissed from this action without prejudice for lack of service.

**DONE** and **ORDERED** in Tampa, Florida, this June 2, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record